### THIRD AVE. RY. CO. v. KRAUSZ.

(Circuit Court of Appeals, Second Circuit. December 6, 1901.)

#### No. 62.

1. STREET RAILWAY—NEGLIGENCE—PERSONAL INJURY—QUESTION FOR JURY.

Where plaintiff, while at work in a stooping posture on the street between the tracks of a street railway, is struck by a car, and the evidence is as to whether the speed of the car was reduced in response to a signal given, the question of negligence of both plaintiff and defendant is for the jury.

2. SAME—CHARGE—CONSTRUED TOGETHER—MODIFICATION.

Where plaintiff, while at work between the tracks of a street railway, was struck by defendant's car, a charge that the defendant should "do all in its power to see to it that no injury happens to any of the workmen" might, if standing alone, hold the defendant to a higher obligation than the law warrants, but is not error where the court, on request, modified such expression by adding that the motorman was compelled to use the care which an ordinarily prudent man would use under the circumstances.[1]

3. SAME—EVIDENCE—INJURY NOT PLEADED—ERROR—PREJUDICE.

Where, in an action for personal injuries, in which the complaint alleged injury to the plaintiff's arm, but none to his eyes, he, on being asked what pain he had suffered in his arm, answered that he had a good deal of headache, and had weak eyes, error in refusing to strike out such answer was without prejudice, there being no other reference to his eyes during the trial, and defendant not requesting a charge that the condition of plaintiff's eyes should not be taken into consideration.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment of the circuit court, Southern district of New York, entered upon a verdict in favor of defendant in error, who was plaintiff below. The action was brought to recover for

---

[1] Care required of motormen, see note to Stelk v. McNulta, 40 C. C. A. 361.

injuries sustained in consequence of being hit by one of the cars of defendant. He, with others, was working in the employ of a contractor, between the tracks of defendant's road, holding a chisel to cut ou·· pavement while a fellow workman struck it.

Theodore K. Lord, for plaintiff in error.

Frederick Hulse, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The question as to negligence, both of defendant and plaintiff, was properly left to the jury. The evidence was conflicting as to whether the car reduced speed when passing plaintiff in response to a signal given, and whether that was negligent under the circumstances was fairly open. So, too, in view of plaintiff's testimony as to his stooping position, and consequent delay in attempting to get out of the way, the court would not have been justified in taking the case from the jury on any theory of contributory negligence.

The court in one passage charged the jury that defendant should "do all in its power to see to it that no injury happens to any of the workmen." Standing alone, this clause might be taken as instructing the jury to hold defendant to a higher obligation than the law warrants, but when the charge is considered as a whole it will be found to lay down the rule correctly. Moreover, when the attention of the trial judge was called to the phrase above quoted, and he was asked to modify his charge in that respect, he did so, and his last words to the jury instructed them that the "motorman was compelled to use the care which an ordinarily prudent person would use and under those circumstances; the circumstances, of course, being the fact of these men working there."

The complaint, with general averments of injury, contained specification of particulars, "breaking his elbow in several places, contusing and bruising his limbs and body in various places, and shocking his system," but made no claim as to any injury to the eyes. This question was put to the plaintiff, a foreigner: "Q. What pain do you suffer from your arm now, if any?" to which he answered: "A. I have a good deal of headache and have weak eyes." It was objected to because there was no allegation in the complaint of injury to the eye. The answer was clearly not responsive, and should have been struck out for that reason, but, although not properly in the case, we cannot see that it could have worked any harm to the defendant. No other reference was made to eyes in the testimony, and there is not a scintilla of proof that the "weak eyes" referred to in the answer were in any way connected with the accident. Upon the proof, defendant, if he wished, might have required a charge that the jury could not take the condition of plaintiff's eyes into consideration. The refusal to strike out, under those circumstances, seems to us not harmful error.

The judgment is affirmed.